FINAL DECISION
I Background
This is an appeal of an Oneida Personnel Commission decision by Oneida Bingo & Casino, Table Games Department. The decision overturned the ten (10) day suspension issued by supervisor Doreen Reed on November 2, 2008, for Respondent’s violation of the Oneida Tribe’s Personnel Policies and Procedures Manual (Blue Book), § V.D.2.II.b Attendance & Punctuality: A pattern of unexcused or excessive absenteeism and/or tardiness. Appellant asserts the Oneida Personnel Commission decision to be clearly erroneous and outside their scope of authority and should be overturned. We agree and therefore reverse the Oneida Personnel Commission decision and reinstate the ten (10) day suspension.

A. Jurisdiction

This case comes to us as appeal of an original hearing body, the Oneida Personnel Commission. Any person aggrieved by a final decision in a contested case can seek Oneida Tribal Judicial System review under Sec. 1.11-1 of the Oneida Administrative Procedures Act.

B. Factual Background.

This case arises out of a ten (10) day suspension issued to Respondent, Jodi Hoffman, a Black Jack Dealer for the Table Games Department of the Oneida Bingo and Casino on November 2, 2008 for violation of the Oneida Tribe’s Personnel Policies and Procedure manual, § V.D.2.II.b Attendance & Punctuality: A pattern of unexcused or excessive absenteeism and/or tardiness. (W/S/T) The Respondent was late into the Pit on 7/11/08, and called into work on 8/29/08 and 10/12/08.
At the time of this discipline, Ms. Hoffman was in the appeal process for a five (5) day suspension received on April 7, 2008 for a late call-in. Respondent asserts since the April 7, 2008 discipline was under appeal, the November 8, 2008 discipline should have been issued for five (5) or fewer days.
Appellant argues that it is within the supervisor’s discretion to determine the severity of the discipline and because the April 7, 2008 discipline was in the appeal process decided not to go to the next progressive step of termination as outlined in the Oneida Personnel Policies and Procedures, § V.D.2.c.II.b, but to issue another suspension. The supervisor decided the ten (10) day suspension was appropriate for the three (3) infractions of being late into the Pit on 7/11/08, and calling into work on 8/29/08 and 10/12/08.
On October 6, 2008, the Table Games Assistant Director, Matthew W. Denny, sent out a notice to Table Games employees that effective October 12, 2008 a revised Table Games Time and Attendance *404 Standard Operating Procedure would go into effect. The revision defined excessive absenteeism and/or tardiness as “Any combination of three or more late and/or missed work days, by either calling in by phone or person, for any reason, within a twelve month time frame is excessive. *Twelve month time frame begins at the date of the first infraction.”
On October 12, the effective date of the revised Standard Operating Procedure, Respondent called into work indicating she would not be in for her scheduled work day. This call-in put the Respondent, Ms. Hoffman at four (4) call-ins for the year, of which one (1), a five (5) day suspension was in the appeal process. On November 2, 2008 after finalizing her investigation supervisor Doreen Reed issued a ten (10) day suspension for violation of the Oneida Tribe’s Personnel Policies and Procedures manual, § V.D.2.II.b Attendance & Punctuality: A pattern, of unexcused or excessive absenteeism and/or tardiness. (W/ S/T) The Respondent was late into the Pit on 7/11/08, and called into work on 8/29/08 and 10/12/08.
On November 7, 2008 Respondent appealed to Area Manager, Matthew W. Denny, Assistant Table Games Director, who on November 24, 2008 upheld the suspension having found no procedural error on the part of supervisor, Doreen Reed issuing the November 2, 2008 discipline.
Ms. Hoffman then appealed to the Oneida Personnel Commission on December 4, 2008, alleging:
1. “That the suspension is unjust because the Area Manager changed the policy on October 12, 2008 that in Table Games we only get S call ins a year instead of 4 and then went back in time.”
2. “Also they are using my last suspension against me by a progressive discipline and that is also wrong.”
On January 5, 2009 the Oneida Personnel Commission granted a grievance hearing based on Ms. Hoffman sufficiently alleging:
a) The decision of the Area Manager is clearly against the weight of the evidence and:
b) Procedural irregularities were exhibited during the appeal process that may have been harmful to one of the parties to the grievance.
The grievance hearing was scheduled for January 23, 2009 before the Personnel Commission. After requested postponements by both parties the hearing was held on March 11, 2009.
On April 2, 2009 the Oneida Personnel Commission overturned the ten (10) day suspension reasoning the Appellant, Oneida Bingo & Casino, Table Games erred when they used the new Time and Attendance Standard Operating Procedure, while using retroactive application of call-ins that occurred before the new Standard Operating Procedure, effective October 12, 2008 was in place. In addition the supervisor, by her own admission used progressive discipline by utilizing the April 7, 2008 five (5) day suspension that was under appeal, which should not have been considered when issuing the ten (10) day suspension of November 2, 2008. Finally the Area Manager’s October 6, 2008 memo regarding the revised Time and Attendance Standard Operating Procedure did not explicitly cite the fact that retroactive application would be taking place and how far back the new “law” could go back in time. The Personnel Commission reasoned the only date that was referenced in this memo was October 12, 2008, the effective date, and the date which the new “law” could be applied to a call-in. They went on to state by only using the old Standard Operating Procedure, Ms. Hoff *405 man did not have an infraction and could not be disciplined.
On April 20, 2009, Appellant, Oneida Bingo & Casino, Table Games Department timely filed their appeal to the Appellate Court of the Oneida Tribal Judicial System for review asserting the Oneida Personnel Commission decision clearly erroneous, arbitrary and outside their scope of authority.
The Respondent failed to file her Respondents Brief in the case at hand, leaving this Appellate body to make a decision based on the evidence presented by the Appellant, Oneida Bingo & Casino, Table Games Department in their appeal of the Oneida Personnel Commission’s decision which overturned the ten (10) day suspension issued on November 2, 2008.
The Appellate body deliberated on July 20, 2009 on the merits of this case and issues its decision to overturn the Oneida Personnel Commission’s decision and affirm the ten (10) day suspension issued to Respondent, Jodi Hoffman.
II Issues
Was the Oneida Personnel Commission decision arbitrary and capricious?
Was the Oneida Personnel Commission decision clearly erroneous and against the weight of the evidence?
Was the decision of the Oneida Personnel Commission outside the scope of their authority?
Ill Analysis
Was the Oneida Personnel Commission decision arbitrary and capricious?
No, it was not. The standard of review of an issue of an arbitrary and/or capricious decision is whether a rationale is presented for the decision. The Oneida Personnel Commission determined that the date of October 12, 2008 is the date the revised Standard Operating Procedure went into effect and therefore any call-ins issued prior to that date should not have been applied in issuing an infraction of the Attendance and Punctuality policy. They cited their Rule of Law and the question was answered. The Oneida Personnel Commission presented a conclusion and their reasoning for their decision. It is therefore not an arbitrary and/or capricious decision. However, this appellate body must still determine whether the interpretation and rationale presented was erroneous.
Was the Oneida Personnel Commission decision clearly erroneous and against the weight of the evidence?
Yes. Appellant, Oneida Bingo & Casino, Table Games Department asserts the Oneida Personnel Commission, in their decision to overturn the ten (10) day suspension, committed an error when they ruled “The Table Games Department created a law and gave it retroactive application.” The Appellant asserts that the Table Games Department Standard Operating Procedure for Time and Attendance is not a law, but a set of instructions to follow for absence and tardiness. We agree.
The Respondent, Jodi Hoffman was disciplined under Oneida Personnel Policies and Procedures, which is Oneida employment law, Section V.D.2.II.b Attendance and Punctuality: A pattern of unexcused or excessive absenteeism and/or tardiness. (W/S/T) The Standard Operating Procedures utilized in the Table Games Department is not law, it is a set of instructions which are meant to be used in conjunction with the tribes Personnel Policies and Procedures. The Personnel Commission erred in their reasoning by determining when the Table *406 Games Department adopted their Standard Operating Procedures they created law. Webster’s Dictionary defines Standard Operating Procedure as “An established procedure to be followed in a given situation.” The situation, “A pattern of unexcused or excessive absenteeism and/or tardiness” resulting in the creation of the Standard Operating Procedure, a procedure, not a law.
On October 6, 2008, Table Games Area Manager, Matthew W. Denny authored a memo to all Table Games Employees stating that “Effective Sunday, October 12, 2008, the revised Table Games Time and Attendance SOP will be in effect. The SOP will be posted, with changes highlighted, in the Bulletin Board across from the Pit Manager’s Office.” The memo also directed that each employee sign for receipt and reinforced that it is each employee’s responsibility to understand the document and how it applied to each individual situation.
Through testimony and record, Ms. Hoffman confirmed she was in receipt of the October 6th memo. She confirmed that she was aware of the number of call-in’s she had accumulated, knew there was an appeal in process, but decided to call-in on October 12, 2008 making it the fourth call-in within a twelve month period. Appellant testified as a result of reducing the number of call-ins from four (4) to three (3) within a twelve month period, in order to be fair to the employees, if an individual already had three (3) call-ins on record prior to October 12, 2008 they would not be automatically issued a discipline.
In Ms. Hoffman’s case, not counting the April 7, 2008 discipline in the appeal process, she was late into the Pit on July 11, 2008, had a call-in on August 29, 2008 and on October 12, 2008, the effective date of the revised Standard Operating Procedure. These three attendance events mean she was still subject to a suspension. She had the opportunity to correct her behavior after receiving her first suspension and failed to do so.
Ms. Hoffman was aware of the revised Standard Operating Procedure, failed to raise any questions or concerns regarding the effective date, nor the accumulated infraction dates, until after she was in receipt of the discipline issued to her on November 2, 2008.
The Oneida Personnel Policies and Procedures is the tribe’s employment law. Section V.D.2.II.b: A pattern of unexcused or excessive absenteeism and/or tardiness. (W/S/T) provides direction in determining a disciplinary action to be utilized by supervisors. In this case Ms. Hoffman had been issued a five (5) day suspension on April 7, 2008 which was in the appeal process. Had this discipline not been appealed, the next step of progressive discipline is termination from employment. Instead of issuing a termination, which was permitted, the supervisor made a determination of issuing another suspension. (The supervisor’s decision was understandable as Ms. Hoffman’s previous disciplinary action was not yet upheld.) Although the ten (10) days may seem inappropriate because of the appeal in process, it was a determination the supervisor had the authority to make under tribal law Section V.D. Complaints, Disciplinary Actions, and Grievances. The Standard Operating Procedure is just that, a procedure not a law.
It is important to remember that according to the Oneida Personnel Policies and Procedures Manual, Section V.D.3 Accumulated Disciplinary Actions Warranting Termination all disciplinary notices must be upheld prior to issuing a termination. This section states:
a. The accumulation of three (3) upheld warning notices within any twelve (12) month period. (T)
*407 b. The accumulation of two (2) upheld suspensions within any twelve (12) month period. (T)
c. The accumulation of three (3) of any combination of upheld warning notices and/or upheld suspensions within any twelve (12) month period. (T)
(Emphasis added.)
This section is the safe guard of protecting employees who may have disciplines in the appeal process. That safe guard worked here as Ms. Hoffman was spared termination, the next step in the progression, but still received a discipline which could be justified even if the April, 2008 discipline was eventually overturned.
Was the decision of the Oneida Personnel Commission outside the scope of their authority?
Yes. The Personnel Commission found “The only discipline that could have been issued was a suspension of equal or lesser severity.” It is the discretion of the supervisor to determine if a discipline is warranted and if so the severity of the discipline. (Suspensions are permitted to be a maximum of three weeks. See Blue Book Sec. V.D.5.f.l.a.) Having found that Ms. Hoffman did not adhere to the attendance and punctuality rules, it is the supervisor that should be permitted and has the authority in deciding what if any consequences should be applied to their employee’s for their work performance.
Respondent failed to enter a Respondents Brief in which she could have presented her argument to counter Appellants assertions. A deliberation was held and review of Appellant’s information was completed. Ms. Hoffman was provided due process. By failing to provide a Respondent’s Brief, she lost an opportunity to present all evidentiary records prior to a decision being made.
IY Decision
We overturn the decision of the Oneida Personnel Commission and affirm the ten (10) day suspension of Ms. Hoffman.